Hope A. Del Carlo, OSB No. 00241
Oregon Law Center
921 SW Washington St., Suite 516
Portland, OR 97205
Telephone: 503/473-8319
Facsimile: 503/295-0676
hdelcarlo@oregonlawcenter.org

Mark E. Griffin, OSB No. 76152
R. Bradley Griffin, OSB No. 07239
Griffin & McCandlish
215 SW Washington St., Suite 202
Portland, OR  97202
mark@markgriffin.com
Telephone: (503) 224-2348
Facsimile:  (503) 224-3634

Attorneys for Plaintiffs Justin James and Nicole James

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JUSTIN JAMES and NICOLE JAMES; | Case No. CV-08-0397-BR |
| Plaintiffs, | |
| v. | FIRST AMENDED COMPLAINT |
| FREMONT REORGANIZING COMPANY, fka FREMONT INVESTMENT & LOAN COMPANY, a California corporation; BRIDGE CAPITAL CORPORATION, a California corporation; HSBC BANK USA, NA, a national banking association, | Truth in Lending Act, Fraud, Oregon Mortgage Broker and Banker Statute |
| | DEMAND FOR JURY TRIAL |
| Defendants. | |

INTRODUCTION:

1.

This is a consumer fraud case arising out of two refinanced home mortgages.  Justin and Nicole James ("Jameses") are a married couple who own two homes on the Oregon coast; a

Page 1 -    FIRST AMENDED COMPLAINT

residence and a rental home. In September 2006, the plaintiffs were convinced to refinance the mortgages on both properties by an agent of Bridge Capital Corporation ("Bridge"). The refinanced loans, made by Fremont Investment & Loan ("Fremont") were on less favorable terms than their prior mortgages. Bridge convinced the Jameses to sign the paperwork for these loans by promising that it would refinance them at no charge into the best rate available after six months of repayment. The later refinance never materialized. Bridge charged approximately $25,000.00 in loan origination fees alone to arrange these transactions. In addition to the fraudulent verbal disclosures made to the plaintiffs in conjunction with the loans, they were also given inaccurate Truth in Lending Act disclosures. Both loans were subsequently securitized through a pooling and servicing agreement which named HSBC Bank USA, NA, as trustee. This lawsuit demands rescission of the Jameses' residential loan under the Truth in Lending Act, money damages, and other relief, including an injunction against foreclosure of the properties.

This First Amended Complaint adds the current holder of the plaintiffs' loans, HSBC Bank USA, NA, as a defendant, amends the name of defendant Fremont, and refines plaintiffs' factual allegations based on the discovery taken in the case thus far.

JURISDICTION

2.

This court has jurisdiction of the case by virtue of 15 USC § 1640(e) and 28 USC §§ 1331, 1337.

PARTIES

3.

The plaintiffs, Justin and Nicole James ("the Jameses"), are natural persons. They own a home at 4063 43rd St. NE, Neotsu, Oregon, which is and has been at all times material to this action their principal residence, and a rental property located at 2125 NE 21st, Lincoln City, Oregon.

Page 2 -   FIRST AMENDED COMPLAINT

4.

Defendant Fremont Reorganizing Corporation, formerly known as Fremont Investment & Loan ("Fremont"), is a California corporation.

5.

Defendant Bridge Capital Corporation, ("Bridge") is a California corporation, that was formerly or should have been licensed as an Oregon mortgage broker or banker under ORS 59.840, *et seq*.

6.

Defendant HSBC Bank USA, NA ("HSBC") is a federally-chartered national banking association.

7.

At all times relevant to this action, Fremont regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, making them creditors under the Truth in Lending Act ("TILA"), 15 USC § 1602(f) and Regulation Z, 12 CFR § 226.2(a)(17).

8.

Fremont was an assignee of the residential loan that is the subject of this action, making it liable for the loan's rescission under the Truth in Lending Act ("TILA"), 15 USC § 1635, and Regulation Z, 12 CFR § 226.23.

9.

On information and belief, HSBC is the current holder of the plaintiffs' loans, as trustee for Fremont Home Loan Trust 2006-D Mortgage-Backed Certificates, 2006-D. As an assignee of the residential loan that is the subject of this action, HSBC is liable for the loan's rescission under the Truth in Lending Act ("TILA"), 15 USC § 1635, and Regulation Z, 12 CFR § 226.23.

///

///

Page 3 -   FIRST AMENDED COMPLAINT

FACTUAL ALLEGATIONS:

10.

The plaintiffs called Bridge in response to a flyer they received in the summer of 2006. The plaintiffs were looking for a lender to refinance the loan on their rental property. By making false promises, Bridge convinced the plaintiffs to refinance both loans using Bridge's services. Fremont was the originating lender for both loans.

11.

On or about September 15, 2006, a notary public came to the plaintiffs' home with loan documents from Bridge and Fremont. Plaintiffs quickly signed the documents but were not given the opportunity to read them with care before signing.

12.

Prior to closing, Bridge told the plaintiffs that the loans it was offering them were the best that they could qualify for at the time, and that after six months of on-time payments (which would improve the Jameses' credit rating), Bridge would refinance them into new 30-year, fixed-rate loans at "the lowest rate," that would cost a total of $700.00 less per month than the loans they had prior to the 2006 refinance.

13.

After six months had passed, Bridge continued to promise the plaintiffs their new loans, and told them they had begun the process of originating the refinances. Bridge ordered an appraisal of the plaintiffs' properties in the spring of 2007, but never closed the loans. By May 2007, Bridge's employees were hanging up on the plaintiffs when they attempted to contact Bridge by phone. The promised loans never materialized.

14.

In the course of processing and underwriting the plaintiffs' loan, Bridge prepared a loan application on plaintiffs' behalf that misrepresented the plaintiffs' income, without plaintiffs' knowledge or consent. On information and belief, the application was transmitted to Fremont

Page 4 -     FIRST AMENDED COMPLAINT

prior to the loans' closing.

15.

On information and belief, Fremont committed to fund the plaintiffs' loans originated by Bridge prior to the loan's signing, and funding; Bridge was the conduit between plaintiffs and Fremont during the loan origination process, and acted as Fremont's agent during the phases of loan application, underwriting, closing, and funding the plaintiffs' loans.

16.

Fremont set its own approval conditions for the plaintiffs' loans, participated in underwriting them, and performed an independent review of the plaintiffs' loan application and supporting documentation.

17.

Fremont paid Bridge a yield spread premium in connection with the plaintiffs' refinance of their properties.

FIRST CLAIM FOR RELIEF (against Bridge and Fremont) - Fraud

18.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 17.

19.

In its capacity as an agent of Fremont, Bridge made the following false representations to plaintiffs:

A. That the loans Bridge arranged for them were the best the plaintiffs could qualify for at the time;

B. That Bridge would replace the loans at no cost in six months with loans that reduced their total monthly mortgage payments by $700.00;

C. That the new loans arranged by Bridge would include escrow reserves for the payment of taxes and insurance;

Page 5 -    FIRST AMENDED COMPLAINT

  D. That Bridge would verify plaintiffs' income, assets, and creditworthiness prior to approving the loan.

20.

Bridge additionally made the following false representations and omissions in connection with plaintiffs' loans, and transmitted documents to Fremont that revealed the false representations:

  A. Bridge falsely completed the plaintiffs' loan application by misrepresenting the borrowers' income; the application stated that Justin James earned $6750.00 per month, when he actually earned approximately half that amount each month.

  B. Bridge omitted to tell the plaintiffs that, based upon the income and asset information plaintiffs had supplied, the loans Bridge and Fremont were saddling them with were unaffordable and unsuitable for plaintiffs, and would lead to the plaintiffs' loss of both properties.

21.

Defendants knew or should have known that the representations alleged in paragraphs 19 and 20 were false, and made those representations, or omitted to inform plaintiffs of the truth, to induce the plaintiffs to enter into the loan refinance transactions with Bridge and Fremont. Defendants knew that the plaintiffs' preexisting mortgages were more favorable to the plaintiffs than the refinance they were defrauded into making. They also knew that Bridge would not refinance the plaintiffs into better loans after six months.

22.

As a result of defendants' false representations, plaintiffs were damaged in the following ways:

  A. Plaintiffs entered into two unnecessary refinances that caused them to incur approximately $39,652.00 in closing fees and costs.

  B. Plaintiffs' monthly loan principal and interest payment on their residence increased by

Page 6 -  FIRST AMENDED COMPLAINT

approximately $600.00 per month, not including taxes and insurance, when Bridge promised that their loan payment would decrease. This additional interest, calculated over the life of the loan, is an item of plaintiffs' damages, and will be calculated with more specificity at trial.

   C. Plaintiffs' monthly loan principal ind interest payment on their rental property increased by approximately $600.00 per month as well, when Bridge promised that the payment would decrease. This additional interest, calculated over the life of the loan, is an item of plaintiffs' damages, and will be calculated with more specificity at trial.

   D. Discovering that they had been cheated by the defendants caused the Jameses severe emotional distress in the form of anxiety about whether they would be able to make the new payments, and at the prospect of losing their properties to foreclosure. Justin James and Nicole James have each been damaged in the amount of $10,000.00, for a total of $20,000.00.

23.

Defendants' misrepresentations to plaintiffs were made with malice; alternatively, defendants have shown a reckless and outrageous indifference to a highly unreasonable risk of harm and have acted with a conscious indifference to the welfare of others, warranting an award of punitive damages to be proven at trial, at a minimum amount of $2,000,000.00.

24.

Fremont is jointly and severally liable for Bridge's fraud because it acted in concert with Bridge, or pursuant to a common design with it, to defraud the plaintiffs; or gave substantial assistance to Bridge in accomplishing the fraud upon the plaintiffs, while its own conduct, separately considered, constituted a breach of duty to the plaintiffs. In the alternative, Fremont is jointly and severally liable for Bridge's fraud because of their approval of the fraud after the fact, which was perpetrated for their benefit.

///

///

///

Page 7 -     FIRST AMENDED COMPLAINT

SECOND CLAIM FOR RELIEF (against Bridge) - Oregon Mortgage Broker and Banker Statute, ORS 59.840, et seq.

25.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 24.

26.

Defendant Bridge has transacted business as a mortgage banker or mortgage broker by means of untrue statements of material facts or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, in violation of ORS 59.925(a) and (b).

27.

As a result of defendant's violations of ORS 59.925(a) and (b), plaintiffs have suffered an ascertainable loss consisting of the closing costs of approximately $39,652.00 and additional interest they are committed to pay under the terms of the new loans.

THIRD CLAIM FOR RELIEF (against Fremont and HSBC) - Truth in Lending Act

28.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 27.

29.

Fremont's residential loan to plaintiffs is a consumer credit transaction subject to the plaintiffs' right of rescission pursuant to TILA, 15 USC § 1635, and Regulation Z, 12 CFR § 226.23.

30.

At the consummation of the refinanced loan transactions, Fremont failed to deliver to each of the plaintiffs all correct material disclosures required by TILA, in violation of 12 CFR § 226.15(b)(5).

Page 8 -     FIRST AMENDED COMPLAINT

31.

Pursuant to 15 USC §1635(a) and 12 CFR § 226.23(a)(3), the plaintiffs had a continuing right to rescind the consolidated transaction for up to three years following its consummation, which plaintiffs exercised by sending a letter to Fremont on February 26, 2008, and to HSBC on February 25, 2009.

32.

As a result of the aforesaid violations of TILA, pursuant to 15 USC § 1635(a) and 1640(a), Fremont and HSBC are liable to plaintiffs for:

   A.  Actual damages in an amount to be determined at trial, including but not limited to return of any money or property given by the plaintiffs to anyone in connection with this transaction, including all loan fees and costs paid in connection with the loan and all payments made by plaintiffs;

   B.  Statutory damages of $4,000.00.

   C.  Reasonable attorney fees and costs.

33.

PRAYER FOR RELIEF:

WHEREFORE, plaintiffs pray for:

1. On their first claim for relief (Fraud):

   A.  Actual damages in an amount to be proven at trial;

   B.  Non-economic damages in the amount of $20,000.00..

   C.  Punitive damages in the amount of at least $2,000,000.

   D.  A court order enjoining the defendants from foreclosing upon the properties secured by the loans.

2. On their second claim for relief (ORS 59.925):

   A.  Actual damages in an amount to be proven at trial;

   B.  Attorneys fees pursuant to ORS 59.925(8).

Page 9 -    FIRST AMENDED COMPLAINT

    C. A court order enjoining the defendants from foreclosing upon the properties secured by the loans.

    D. Punitive damages of at least $2,000,000.

    E. Reasonable costs of the action.

3. On their third claim for relief (TILA):

    A. Actual damages in an amount to be proven at trial, including but not limited to plaintiffs' closing costs and all payments made on the loan, together with prejudgment interest;

    B. Statutory damages under TILA of $4000.00;

    C. Attorneys fees pursuant to 15 USC § 1640(a)(3);

    D. A court order declaring valid the plaintiffs' exercise of rescission under the Truth in Lending Act, and enjoining the defendants from foreclosing upon the property secured by the residential loan.

    E. Reasonable costs of the action.

## JURY DEMAND:

34.

Plaintiffs hereby demand trial by jury.

DATED this 13th day of March, 2009.

Respectfully submitted,

OREGON LAW CENTER

By: */s/ Hope A. Del Carlo*
Hope A. Del Carlo, OSB No. 00241
921 SW Washington St., Suite 516
Portland, OR 97205
Telephone: 503/473-8319
Facsimile: 503/295-0676
hdelcarlo@oregonlawcenter.org

       GRIFFIN AND McCANDLISH
        Mark E. Griffin, OSB No. 76152

        R. Bradley Griffin, OSB No. 07239
        Griffin & McCandlish
        215 SW Washington St, Suite 202
        Portland, OR 97202
        mark@markgriffin.com
        Telephone: (503) 224-2348
        Facsimile:   (503) 224-3634

        Of Attorneys for Plaintiffs