David S. Aman, OSB No. 962106
Direct Dial: 503.802.2053
Fax: 503.972.3753
E-Mail: david.aman@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

Attorneys for Defendant Fremont Reorganizing Corporation

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**JUSTIN JAMES and NICOLE JAMES,**

Plaintiffs,

v.

**FREMONT REORGANIZING CORPORATION**, fka **FREMONT INVESTMENT & LOAN COMPANY,** a California Corporation**; BRIDGE CAPITAL CORPORATION,** a California Corporation; **HSBC BANK USA NA,** a national banking association

Defendants.

Civil No. 08-0397-BR

**DEFENDANT FREMONT REORGANIZING CORPORATION'S ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM**

For its Answer to Plaintiffs' Second Amended Complaint, Defendant Fremont Reorganizing Corporation ("Fremont") admits, denies and alleges as follows:

1. Fremont admits that it made loans to plaintiffs on terms that were disclosed and agreed to by plaintiffs. Fremont also admits that plaintiffs agreed to pay Bridge approximately $25,000 in connection with two refinancing transactions in which Bridge acted as

plaintiffs' agent. Fremont further admits that the plaintiffs' loans were securitized through a pooling and servicing agreement with HSBC Bank USA, NA, named as trustee. Fremont denies any wrongdoing in connection with any loans made to plaintiffs or otherwise, and denies that it conspired with Bridge or that Bridge acted as Fremont's agent. Fremont is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 and therefore denies those allegations.

2. In response to paragraph 2, Fremont admits that this court has jurisdiction.

3. Fremont admits that plaintiffs are natural persons who own real property located at 4063 N.E. 43rd St., Neotsu, Oregon and 2125 N.E. 21st, Lincoln City, Oregon. Fremont is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies those allegations.

4. Fremont admits the allegations in paragraph 4.

5. Fremont admits that the records of the California Secretary of State's office show that Defendant Bridge Capital Corporation was a California corporation. Fremont admits that Bridge was registered with the State of Oregon as a mortgage broker or banker. Fremont is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies those allegations.

6. Fremont admits the allegations in paragraph 6.

7. Fremont admits that it is a creditor under the TILA and Regulation Z. Fremont denies the remaining allegations in paragraph 7.

8. Fremont admits the first sentence of paragraph 8. Fremont denies the remaining allegations in paragraph 8.

9. Fremont admits that it was the originator on two loans to plaintiffs. Fremont is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies those allegations.

10. Fremont admits that it entered into an agreement with Bridge, the terms of which speak for themselves. Fremont admits that Bridge, acting as plaintiff's agent, submitted loan applications to Fremont. Fremont denies the remaining allegations in paragraph 10.

11. Fremont denies the allegations in paragraph 11.

12. Fremont admits that it instructed Bridge and the plaintiffs to direct all communications to Fremont through Bridge, since plaintiffs had designated Bridge as their agent in connection with the loans. Fremont is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13. Fremont admits that it had the authority to approve or reject plaintiff's loan applications. Fremont admits that it was paid approximately $2,036 in connection with its origination of plaintiffs' loans. Fremont denies the remaining allegations in paragraph 13.

14. Fremont denies the allegations in paragraph 14.

15. Fremont denies the allegations in paragraph 15.

16. Fremont is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17. Fremont is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18. Fremont is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19. Fremont denies the allegations in the first sentence in paragraph 19. Fremont admits that plaintiffs received approximately $22,000 in cash as part of the loans made by Fremont. Fremont is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies those allegations

20. Fremont admits that plaintiffs knowingly signed and caused Bridge to submit materially false loan applications to Fremont prior to the loans' closing. Fremont denies the remaining allegations in paragraph 20.

21. Fremont denies the allegations in paragraph 21.

22. Fremont admits that it set its own approval conditions for the loans to plaintiffs subject to prevailing legal and regulatory restrictions. Fremont admits that it participated in underwriting the loans. Fremont further admits that it reviewed and relied on the representations plaintiffs made in the loan applications they signed. Fremont denies the remaining allegations in paragraph 22.

23. Fremont denies the allegations in paragraph 23.

24. Fremont denies the allegations in paragraph 24.

25. Fremont admits it paid a yield spread premium to Bridge in connection with one of the loans. Fremont denies the remaining allegations in paragraph 25.

26. Fremont is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of paragraph 26 and therefore denies those allegations. Fremont denies the allegation in the last sentence of paragraph 26.

RESPONSE TO FIRST CLAIM FOR RELIEF—ALLEGED FRAUD

27. In response to paragraph 27, Fremont incorporates by reference its specific responses to paragraphs 1 through 26 above.

28. Fremont is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29. Fremont is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 concerning Bridge's conduct and therefore denies those allegations. Fremont admits that plaintiffs signed and submitted materially false loan applications to Fremont. Fremont denies the remaining allegations in paragraph 29.

30. Fremont is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 concerning Bridge's conduct or knowledge and therefore denies those allegations. Fremont denies the remaining allegations in paragraph 30.

31. Fremont is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 concerning Bridge's conduct or the impact from any such alleged conduct, and therefore denies those allegations. Fremont denies the remaining allegations in paragraph 31.

32. Fremont is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 concerning Bridge's conduct, knowledge or intent and therefore denies those allegations. Fremont denies the remaining allegations in paragraph 32.

33. Fremont denies the allegations in paragraph 33.

RESPONSE TO SECOND CLAIM FOR RELIEF

34. The Second Claim for Relief is directed against defendant Bridge only, and therefore does not require a response from Fremont.

35. No response required.

36. No response required.

RESPONSE TO THIRD CLAIM FOR RELIEF—

ALLEGED TILA AND HOEPA VIOLATIONS

37. In response to paragraph 37, Fremont incorporates by reference its specific responses to paragraphs 1 through 36 above.

38. Fremont admits that the loan to plaintiffs for their principal residence was subject to the right to rescission pursuant to 15 U.S.C. § 1635 and Regulation Z. Fremont denies the remaining allegations in paragraph 38.

39. Fremont denies the allegations in paragraph 39.

40. Fremont denies the allegations in paragraph 40.

41. Fremont denies the allegations in paragraph 41.

42. Fremont denies the allegations in paragraph 42.

RESPONSE TO FOURTH CLAIM FOR RELIEF—ALLEGED NEGLIGENCE

43. In response to paragraph 43, Fremont incorporates by reference its specific responses to paragraphs 1 through 42 above.

44. Fremont admits that it received financial information from the plaintiffs. Fremont admits that it was paid for its origination of the loans. Fremont denies the remaining allegations in paragraph 44.

45. Fremont denies the allegations in paragraph 45.

46. Fremont denies the allegations in paragraph 46.

47. Fremont denies the allegations in paragraph 47.

48. Fremont denies the allegations in paragraph 48.

49. Fremont denies the allegations in paragraph 49.

RESPONSE FIFTH CLAIM FOR RELIEF—ALLEGED BREACH OF CONTRACT

50. In response to paragraph 50, Fremont incorporates by reference its specific responses to paragraphs 1 through 49 above.

51. Fremont denies the allegations in paragraph 51.

52. Fremont denies the allegations in paragraph 52.

53. Fremont denies the allegations in paragraph 53.

RESPONSE SIXTH CLAIM FOR RELIEF—ALLEGED RESPA VIOLATION

54. In response to paragraph 54, Fremont incorporates by reference its specific responses to paragraphs 1 through 53 above.

55. Paragraph 55 is a purported statement of law, not a factual allegation, and therefore does not require a response. To the extent a response is required, Fremont denies the allegation in paragraph 55.

56. Fremont denies the allegations in paragraph 56.

57. Fremont denies the allegations in paragraph 57.

RESPONSE TO PRAYER FOR RELIEF

58. Fremont denies that plaintiffs are entitled to any of the relief sought in the Second Amended Complaint.

59. To the extent not expressly admitted above, Fremont denies each and every allegation of the Second Amended Complaint.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

60. The Complaint fails to state a claim upon which relief can be granted, including without limitation by failing to state fraud with particularity as required by FRCP 9(b).

SECOND AFFIRMATIVE DEFENSE

61. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, including without limitation by 15 U.S.C. § 1640, 12 U.S.C. § 2614 and ORS 12.110(1).

THIRD AFFIRMATIVE DEFENSE

62. Plaintiffs' claims are barred because plaintiffs fraudulently induced Fremont into making the loans to plaintiffs, based on material misrepresentations concerning plaintiffs' income.

FOURTH AFFIRMATIVE DEFENSE

63. Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

FIFTH AFFIRMATIVE DEFENSE

64. Plaintiffs' claims are barred under the doctrines of unclean hands and/or in pari delicto.

SIXTH AFFIRMATIVE DEFENSE

65. Plaintiffs' damages, if any, are the result of plaintiffs' own acts or omissions in failing to take reasonable steps to protect their own interests.

SEVENTH AFFIRMATIVE DEFENSE

66. Plaintiffs' damages, if any, were caused by the acts or omissions of parties other than Fremont and Fremont places the liability of those parties at issue for the purposes of determining comparative fault.

EIGHTH AFFIRMATIVE DEFENSE

67. Plaintiffs' claims are barred in whole or in part due to their contributory negligence, assumption of risk, and under the last clear chance doctrine.

NINTH AFFIRMATIVE DEFENSE

68. Plaintiffs have failed to mitigate their damages, if any.

TENTH AFFIRMATIVE DEFENSE

69. Plaintiffs' claims are barred by the doctrine of voluntary payment.

ELEVENTH AFFIRMATIVE DEFENSE

70. Fremont's actions were in good faith conformity with all applicable statutes, including without limitation the Truth in Lending Act ("TILA").

TWELFTH AFFIRMATIVE DEFENSE

71. To the extent that any violations of the TILA took place, which Fremont denies, such violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

THIRTEENTH AFFIRMATIVE DEFENSE

72. Plaintiff's claim for punitive damages is barred to the extent it violates the Oregon or United States Constitutions, including the due process clause in the Fifth and/or Fourteenth Amendments to the United States Constitution.

By pleading the foregoing affirmative defenses, Fremont does not assume any burden of production, proof or persuasion that it would not otherwise have as a matter of law. The above defenses and affirmatives defenses are based on the facts currently known to Fremont.

Fremont reserves the right to amend or add defenses or affirmative defenses based on facts later discovered, pled or offered.

**COUNTERCLAIM**

For its counterclaim against plaintiffs, Fremont alleges as follows:

73. The notes and deed of trusts in question provide for reimbursement of attorneys fees and costs incurred in defending Fremont's rights in the properties at issue.

74. Fremont is entitled to recover its attorneys fees and costs incurred in defense of this case.

**RESERVATION OF COUNTERCLAIMS/ CROSS-CLAIMS AND THIRD-PARTY CLAIMS**

75. Fremont hereby reserves the right to bring any additional counterclaims, cross-claims, and/or third-party claims against any party hereto.

**PRAYER FOR RELIEF**

WHEREFORE, Fremont prays for relief as follows:

A. Dismissing Plaintiffs' Second Amended Complaint with prejudice;

B. Awarding Fremont its attorneys fees and costs incurred in this case; and,

C. Granting such other and further relief as the court may deem just or equitable.

DATED this 20th day of January, 2010.

TONKON TORP LLP

By *<u>/s/ David S. Aman</u>*

David S. Aman, OSB No. 962106
Direct Dial: 503.802.2053
Fax: 503.972.3753
E-Mail: david.aman@tonkon.com
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099
Attorneys for Defendant Fremont Reorganizing Corporation

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT FREMONT REORGANIZING CORPORATION'S ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM** on:

Hope A. Del Carlo
Oregon Law Center
921 SW Washington St., Suite 516
Portland, OR 97205
hdelcarlo@oregonlawcenter.org

Mr. Mark E. Griffin
R. Bradley Griffin
Griffin & McCandlish
215 SW Washington Street, Suite 202
Portland, OR 97204
mark@markgriffin.com
brad@griffinmccandlish.com

Attorneys for Plaintiffs

Lance E. Olsen
Routh Crabtree & Olsen
3535 Factoria Blvd., S.E., Suite 200
Bellevue, WA 98006
lolsen@rcolegal.com

Attorney for Defendant HSBC Bank USA, NA

by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below;

DATED this 20th day of January, 2010.

TONKON TORP LLP

By * /s/ David S. Aman*
David S. Aman, OSB No. 96210
Direct Dial: 503.802.2053
Direct Fax: 503.972.3753
Email: david.aman@tonkon.com
Attorneys for Defendant Fremont Reorganizing Corporation

033996/00002/1939443v1