John M. Thomas, OSB #024691
  E-Mail: jthomas@rcolegal.com
Lance E. Olsen, OSB #971590
  E-Mail: lolsen@rcolegal.com
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Suite 385
Lake Oswego, OR 97035
Phone (503) 517-7180
Fax (425) 457-7369

        Attorneys for Defendant HSBC Bank USA, NA

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| JUSTIN JAMES AND NICOLE JAMES;<br><br>          Plaintiffs<br>     v.<br><br>FREMONT REORGANIZING COMPANY, FKA FREMONT INVESTMENT & LOAN COMPANY; BRIDGE CAPITAL CORPORATION; HSBC BANK USA, NA;<br><br>          Defendants. | Case No. 3:08-CV-397-BR<br><br>DEFENDANT HSBC BANK USA, NA's ANSWER TO SECOND AMENDED COMPLAINT |

    COMES NOW HSBC Bank USA, NA ("HSBC"), for its Answer to Plaintiffs' Second Amended Complaint, admits, denies and alleges as follows:

    1.    HSBC admits that HSBC Bank USA, National Association is the trustee for the Fremont Home Loan Trust 2006-D, which holds a beneficial interest in loans secured by real property located at 4063 43rd St. NE, Neotsu, OR and 2125 NE 21st, Lincoln City, OR., but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 1 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

Page 1 - DEFENDANT HSBC BANK USA, NA's
         ANSWER TO SECOND AMENDED COMPLAINT

2. Answering paragraph 2, HSBC admits that this court has jurisdiction.

3. HSBC admits that the James' own real property located at 4063 43rd St. NE, Neotsu, OR and 2125 NE 21st, Lincoln City, OR. HSBC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 3 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

4. No answer is required to paragraph 4 of Plaintiffs' Second Amended Complaint as these allegations are against Defendant Fremont only.

5. No answer is required to paragraph 5 of Plaintiffs' Second Amended Complaint as these allegations are against Defendant Bridge only.

6. Answering paragraph 6 of Plaintiffs' Second Amended Complaint, Counsel for HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

7. Answering paragraph 7 of Plaintiffs' Second Amended Complaint, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

8. Answering paragraph 8 of Plaintiffs' Second Amended Complaint, HSBC admits and alleges that HSBC Bank USA, National Association, as Trustee Under the Pooling and Servicing Agreement dated as Of November 1, 2006, Fremont Home Loan Trust 2006-D is the beneficiary of loans secured by real property located at 4063 43rd St. NE, Neotsu, OR and 2125 NE 21st, Lincoln City, OR. HSBC is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

9. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

10. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

11. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

12. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

13. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

14. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

15. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

16. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of Plaintiffs' Second Amended Complaint and

therefore denies those allegations.

17. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

18. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

19. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

20. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

21. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

22. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

23. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

24. HSBC is without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 24 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

25. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

26. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

27. Answering paragraph 27 of Plaintiffs' Second Amended Complaint, HSBC repeats and incorporates by its answer in all preceding paragraphs as though fully set forth herein.

28. No answer is required to paragraph 28 of Plaintiffs' Second Amended Complaint as these allegations are against Defendants Bridge and Fremont only.

29. No answer is required to paragraph 29 of Plaintiffs' Second Amended Complaint as these allegations are against Defendants Bridge and Fremont only.

30. No answer is required to paragraph 30 of Plaintiffs' Second Amended Complaint as these allegations are against Defendants Bridge and Fremont only.

31. No answer is required to paragraph 31 of Plaintiffs' Second Amended Complaint as these allegations are against Defendants Bridge and Fremont only.  To the extent an answer is required to paragraph 31, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

32. No answer is required to paragraph 32 of Plaintiffs' Second Amended

Complaint as these allegations are against Defendants Bridge and Fremont only. To the extent an answer is required to paragraph 32, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

33.  No answer is required to paragraph 33 of Plaintiffs' Second Amended Complaint as these allegations are against Defendants Bridge and Fremont only.

34.  Answering paragraph 34 of Plaintiffs' Second Amended Complaint, HSBC repeats and incorporates by its answer in all preceding paragraphs as though fully set forth herein.

35.  No answer is required to paragraph 35 of Plaintiff's Second Amended complaint as these allegations are against Defendant Bridge only.

36.  No answer is required to paragraph 36 of Plaintiff's Second Amended complaint as these allegations are against Defendant Bridge only. To the extent an answer is required to paragraph 36, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

37.  Answering paragraph 37 of Plaintiffs' Second Amended Complaint, HSBC repeats and incorporates by its answer in all preceding paragraphs as though fully set forth herein.

38.  HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

39.  HSBC is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 39 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

40.  HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

41.  Answering paragraph 41 of Plaintiffs' Second Amended Complaint, HSBC's Counsel admits that he received a letter dated February 25, 2009 from Plaintiffs' Counsel purporting to rescind the loan secured by the real property located at 4063 NE 43rd St., Neotsu, OR 97364.  HSBC is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of Plaintiffs' Second Amended Complaint, including the legal effect or propriety of the letter, and therefore denies those allegations.

42.  HSBC denies that Plaintiffs are entitled to the relief requested in paragraph 42, including paragraphs 42A through 42E, of Plaintiffs' Second Amended Complaint.

43.  Answering paragraph 43 of Plaintiffs' Second Amended Complaint, HSBC repeats and incorporates by its answer in all preceding paragraphs as though fully set forth herein.

44.  No answer is required to paragraph 44 of Plaintiffs' Second Amended Complaint as these allegations are against Defendant Fremont only.

45.  No answer is required to paragraph 45 of Plaintiffs' Second Amended Complaint as these allegations are against Defendant Fremont only.

46.  No answer is required to paragraph 46 of Plaintiffs' Second Amended Complaint as these allegations are against Defendant Fremont only.

47. No answer is required to paragraph 47 of Plaintiffs' Second Amended Complaint as these allegations are against Defendant Fremont only.

48. No answer is required to paragraph 48 of Plaintiffs' Second Amended Complaint as these allegations are against Defendant Fremont only. To the extent an answer is required to paragraph 48, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

49. No answer is required to paragraph 49 of Plaintiffs' Second Amended Complaint as these allegations are against Defendant Fremont only. To the extent an answer is required to paragraph 49, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

50. Answering paragraph 50 of Plaintiffs' Second Amended Complaint, HSBC repeats and incorporates by its answer in all preceding paragraphs as though fully set forth herein.

51. No answer is required to paragraph 51 of Plaintiffs' Second Amended Complaint as these allegations are against Defendant Fremont only.

52. No answer is required to paragraph 52 of Plaintiffs' Second Amended Complaint as these allegations are against Defendant Fremont only.

53. No answer is required to paragraph 53 of Plaintiffs' Second Amended Complaint as these allegations are against Defendant Fremont only. To the extent an answer is required to paragraph 53, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of Plaintiffs' Second

Amended Complaint and therefore denies those allegations.

54. Answering paragraph 54 of Plaintiffs' Second Amended Complaint, HSBC repeats and incorporates by its answer in all preceding paragraphs as though fully set forth herein.

55. No answer is required to paragraph 55 of Plaintiffs' Second Amended Complaint as these allegations are against Defendants Bridge and Fremont only.

56. No answer is required to paragraph 56 of Plaintiffs' Second Amended Complaint as these allegations are against Defendants Bridge and Fremont only. To the extent an answer is required to paragraph 56, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

57. No answer is required to paragraph 57 of Plaintiffs' Second Amended Complaint as these allegations are against Defendants Bridge and Fremont only. To the extent an answer is required to paragraph 57, HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

58. HSBC denies Plaintiffs' prayers for relief in their entirety.

59. No answer is required to Plaintiffs' jury demand contained in paragraph 59 of Plaintiffs' Second Amended Complaint.

60. Except as admitted herein, HSBC denies any of Plaintiffs' remaining allegations.

## AFFIRMATIVE DEFENSES

FURTHER ANSWERING and by way of affirmative defenses, HSBC alleges as follows:

61. The Complaint fails to state a claim upon which relief can be granted.

62. Plaintiffs' claims are barred by the doctrine of estoppel.

63. Plaintiffs' claims are barred by the doctrine of waiver.

64. Plaintiffs' claims are barred by the doctrine of voluntary payment.

65. Plaintiffs' damages, if any, are the result of plaintiffs' own acts or omissions in failing to take reasonable steps to protect their own interests.

66. That Plaintiffs have failed to mitigate their damages, if any.

67. That Plaintiffs' damages, if any, are caused by the acts or omissions of parties other than HSBC and HSBC places the liability of those parties at issue for the purposes of determining comparative fault.

68. Plaintiff's claims are barred by the statute of limitations.

69. To the extent that Plaintiffs' loans are rescindable, Plaintiffs are unable to perform their tender obligation required to rescind the loans.

70. HSBC's conduct was in good faith conformity with all applicable statutes and their interpretive case law.

The above defenses and affirmative defenses are based on the facts currently known to HSBC. HSBC reserves the right to amend or add defenses or affirmative defenses based on facts later discovered, pled or offered.

///

///

## RESERVATION OF COUNTERCLAIMS/ CROSS-CLAIMS AND THIRD-PARTY CLAIMS

71.   HSBC hereby reserves the right to bring any additional counterclaims, cross-claims, and/or third-party claims against any party hereto.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Second Amended Complaint, HSBC prays for relief as follows:

72.   That Plaintiff's Second Amended Complaint be dismissed with prejudice;

73.   That HSBC be awarded reimbursement of its attorney's fees and costs incurred in this case;

74.   That the Court grant such other and further relief as the Court may deem just.

DATED this 20th day of January, 2010.

**ROUTH CRABTREE OLSEN, P.C.**

By /s/ John M. Thomas
John M. Thomas, OSB #024691
Lance E. Olsen, OSB #971590
Attorneys for HSBC
11830 SW Kerr Parkway, Suite 385
Lake Oswego, OR 97035
(503) 517-7180; Fax (425) 457-7369
jthomas@rcolegal.com
lolsen@rcolegal.com

CERTIFICATE OF SERVICE

      I hereby certify that I served the forgoing DEFENDANT HSBC'S ANSWER TO PLAINTIFF'S SECOND AMENDED to the following parties on January 20, 2010 via CM/ECF:

    Hope A. Del Carlo
    Oregon Law Center
    921 SW  Washington St., Suite 516
    Portland, OR 97205
    hdelcarlo@oregonlawcenter.org
        Of Attorneys for Plaintiffs

    Mark E. Griffin
    R. Bradley Griffin
    Griffin & McCandlish
    215 SW Washington St., #202
    Portland, OR  97204
    mark@markgriffin.com
    brad@griffinmccandlish.com
        Of Attorneys for Plaintiffs

    David S. Aman
    Tonkon Torp LLP
    888 SW Fifth Avenue, Suite 1600
    Portland, OR 97204
    david.aman@tonkon.com
        Of Attorneys for Defendant Fremont Reorganizing Corporation

DATED this 20th day of January, 2010.

                                            By /s/ John M. Thomas
                                              John M. Thomas, OSB #024691
                                              Routh Crabtree Olsen, P.C.
                                              Of Attorneys for HSBC
                                              11830 SW Kerr Parkway, Suite 385
                                              Lake Oswego, OR 97035
                                              (503) 517-7180; Fax (425) 457-7369
                                              jthomas@rcolegal.com