IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JUSTIN JAMES and NICOLE JAMES, | 08-CV-397-BR |
| Plaintiffs, | ORDER<br>Portland Division |
| v. | |
| FREMONT REORGANIZING CO., f/k/a FREMONT INVESTMENT & LOAN CO., a California corporation; BRIDGE CAPITAL CORP., a California corporation; and HSBC BANK U.S.A., NA, a national banking association, | |
| Defendants. | |

1 - ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion (#52) for Order directing Service of Subpoena by U.S. Marshal's Service.  For the reasons that follow, the Court **DENIES** Plaintiffs' Motion.

Plaintiffs request this Court to issue an order directing the U.S. Marshal to serve a subpoena personally on Charles Albert Pereida, a nonparty.  Plaintiffs assert Mr. Pereida, a resident of Irvine, California, is a critical witness in this matter and that Plaintiffs have made several unsuccessful attempts to serve Mr. Pereida with a notice of deposition.  Plaintiffs assert the assistance of the U.S. Marshal "may encourage Mr. Pereida and his office staff to cooperate in accomplishing service and making [Mr. Pereida] available as a witness."

Federal Rule of Civil Procedure 45 governs the service of subpoenas.  Rule 45(b)(1) provides: "Any person who is at least 18 years old and not a party may serve a subpoena."  The Commentary to Rule 45 specifically points out that the prior version of Rule 45 made express reference to the U.S. Marshal for service of subpoenas, but the current Rule 45 does not reference the U.S. Marshal.  The Commentary, however, indicates "a marshal or deputy can still serve the subpoena under the amended rule.  That is, if the marshal is willing to.  Nothing in the amended rule imposes this function on the marshal's office as any kind of

2 - ORDER

duty."

Rule 45(b)(2) provides subpoenas may be served at any place:

> (A) within the district of the issuing court;
>
> (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;
>
> © within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or
>
> (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

The Commentary to Rule 45 explains when a person seeks testimony by subpoena from a witness beyond the territorial reach of the district court in which the action is pending,

> [t]he attorney must be careful to caption the subpoena "from" the appropriate district, as to both the testimonial and duces tecum subpoenas. This merely entails inserting the name of the appropriate district in the space provided on the subpoena form.
> It is the court "from" which the subpoena issues--either the trial court or the court in the distant district--that has the needed jurisdiction to enforce the subpoena.

Plaintiffs, however, have not provided the Court with a copy of the subpoena, have not identified the place of deposition, and have not indicated which court issued the subpoena. The Court,

3 - ORDER

therefore, cannot determine on this record whether it even has jurisdiction to enforce the subpoena.

For these reasons, the Court **DENIES** Plaintiffs' Motion (#52) for Order directing Service of Subpoena by U.S. Marshal's Service.

IT IS SO ORDERED.

DATED this 26th day of January, 2010.

/s/ Anna J. Brown

ANNA J. BROWN
United States District

4 - ORDER