Hope A. Del Carlo, OSB No. 00241
Oregon Law Center
921 SW Washington St., Suite 516
Portland, OR 97205
Telephone: 503/473-8319
Facsimile: 503/295-0676
hdelcarlo@oregonlawcenter.org

Mark E. Griffin, OSB No. 76152
R. Bradley Griffin, OSB No. 07239
Griffin & McCandlish
215 SW Washington St., Suite 202
Portland, OR  97202
mark@markgriffin.com
Telephone: (503) 224-2348
Facsimile:   (503) 224-3634

Attorneys for Plaintiffs Justin James and Nicole James

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JUSTIN JAMES and NICOLE JAMES; | Case No. CV-08-0397-BR |
| Plaintiffs, | |
| v. | |
| FREMONT REORGANIZING COMPANY, fka FREMONT INVESTMENT & LOAN COMPANY, a California corporation; BRIDGE CAPITAL CORPORATION, a California corporation; HSBC BANK USA, NA, a national banking association, | DECLARATION OF HOPE DEL CARLO IN SUPPORT OF PLAINTIFFS' THIRD MOTION TO EXTEND DISCOVERY AND RELATED DEADLINES |
| Defendants. | |

I, Hope A. Del Carlo, hereby declare as follows:

1.  I am one of the attorneys for the plaintiffs in this case.  I have personal knowledge of the facts set forth in this Declaration.

Page 1 -    DECLARATION OF HOPE DEL CARLO IN SUPPORT OF PLAINTIFFS'
            THIRD MOTION TO EXTEND DISCOVERY AND RELATED DEADLINES

2. Plaintiffs have moved the court for an order extending the discovery deadline, joint ADR report deadline, and dispositive motions deadline by thirty days.

3. This is the fourth written request filed by any party to this case since the Court's initial Case Management Order was issued .

4. On December 17, 2009, the court granted plaintiffs' Second Motion to Extend Discovery and Related Case Management Deadlines, which was requested mainly to allow additional time to serve and depose Charles Albert Pereida, a recently-located former employee of defendant Bridge Capital Corporation, and a critical fact witness.

5. On December 18, 2009, I hired ABC Legal to attempt service upon Mr. Pereida, after having located his home and work addresses. ABC Legal's servers made at least four attempts to serve Pereida at his office in December 2009, none of which were successful. The process server's Declaration of Non-Service that relates to these attempts is attached to this Declaration as Exhibit A.

6. On December 28, 2009, the process server attempted to serve Pereida at his last known home address. A person who identified himself as Charles "Doe" denied that he was the subpoenaed witness, so the process server did not serve him. The process server's Declaration of Non-Service related to this attempt is attached to this Declaration as Exhibit B.

7. On December 29, 2009, I asked ABC Legal to investigate and confirm that 231 Lonetree in Irvine, California, is Pereida's residence. They confirmed via US Postal Service trace and public property records that Pereida owns the property, and that the address is the last known address at which the Postal Service delivers mail to him.

8. I have left telephone messages for Mr. Pereida on several occasions, in an effort to win his cooperation in obtaining his testimony. He has not returned my calls since an initial conversation that occurred prior to December 17, 2009. Mr. Pereida appears to be willfully evading service of the subpoena to avoid giving testimony in this case.

Page 2 -    DECLARATION OF HOPE DEL CARLO IN SUPPORT OF PLAINTIFFS'
            THIRD MOTION TO EXTEND DISCOVERY AND RELATED DEADLINES

9. On January 14, 2010, I filed a motion with the court requesting the assistance of the US Marshal Service in serving the subpoena. That motion was denied, and based upon the court's ruling and FRCP 45, it appears such assistance can only be obtained by filing a similar motion with the court from which the subpoena is issued, which is the US District Court for the Central District of California. A copy of the subpoena is attached as Exhibit C.

10. On January 28, 2010, after the court denied the motion for US Marshal Service, I engaged a second local, private process server to attempt service on Pereida. So far, that server's efforts have also been stymied.

11. I am in communication with court staff for the US Court from which the was subpoena issued, who are assisting me in obtaining a local case number so that I may electronically file a motion for US Marshal service in Irvine, California. Because this process is somewhat unusual, it may take one or two weeks to file that motion and obtain a ruling.

12. I have worked efficiently and diligently in my efforts to subpoena Mr. Pereida; under the circumstances, fairness dictates that the plaintiffs be granted a thirty day extension of the case management deadlines to exhaust the remaining possible means of deposing Pereida.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATED this 3rd day of February, 2010.

OREGON LAW CENTER

By:/s/ *Hope Del Carlo*
Hope A. Del Carlo, OSB No. 00241
Oregon Law Center
921 SW Washington St., Suite 516
Portland, OR 97205
hdelcarlo@oregonlawcenter.org
Telephone: 503/473-8319
Facsimile: 503/295-0676

Page 3 -    DECLARATION OF HOPE DEL CARLO IN SUPPORT OF PLAINTIFFS'
            THIRD MOTION TO EXTEND DISCOVERY AND RELATED DEADLINES

       GRIFFIN AND McCANDLISH
         Mark E. Griffin, OSB No. 76152
         R. Bradley Griffin, OSB No. 07239
         Griffin & McCandlish
         215 SW Washington St, Suite 202
         Portland, OR 97202
         mark@markgriffin.com
         Telephone: (503) 224-2348
         Facsimile:   (503) 224-3634

       Of Attorneys for Plaintiffs

Page 4 -    DECLARATION OF HOPE DEL CARLO IN SUPPORT OF PLAINTIFFS'
          THIRD MOTION TO EXTEND DISCOVERY AND RELATED DEADLINES

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> Oregon Law Center, Inc. <br> 921 SW Washington St Suite 516 <br> Portland, OR 97205 <br> TELEPHONE NO.: 503 295-2760   FAX NO. (Optional): 503 295-0676 <br> EMAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): JUSTIN JAMES and NICOLE JAMES | FOR COURT USE ONLY |
|---|---|
| UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA <br> STREET ADDRESS: 312 N SPRING ST <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: LOS ANGELES 90012 <br> BRANCH NAME: | |
| PLAINTIFF/PETITIONER: JUSTIN JAMES and NICOLE JAMES | CASE NUMBER: <br> 08-CV-00397-BR |
| DEFENDANT/RESPONDENT: FREMONT REORGANIZING CORP., et al. | |
| **DECLARATION OF NON SERVICE** | Ref. No. or File No.: <br> James v. Fremont Reorganizing |

I declare that I am and was on the dates herein mentioned, a citizen of the United States, over the age of 18 years, not a party to nor interested in the above entitled action, and competent to be a witness therein.

I received the following documents for service:
**Subpoena and Check for $63.70**

I attempted to serve    **AL PEREIDA**
at the address of    **TRUST ONE MORTGAGE CO., 108 PACIFICA 3RD FLOOR, IRVINE, Orange County, CA 92618**

and was unable to effect service for the following reasons:
 12/23/2009 1:17:00 PM: Per contact, Subject out of the office at this time
 12/24/2009 9:42:00 AM: No Access at business (locked)
 12/28/2009 9:03:00 AM: Per manager, subject not in at this time.
 12/29/2009 1:09:00 PM: Per female, subject out to lunch at this time. Does not know when subject would be back.

Fee for service: $ 225.00

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 2/1/2010

__Raul Peraza__
(PRINTED NAME OF DECLARANT)

(SIGNATURE OF DECLARANT)

Page 1 of 1



DECLARATION OF NON SERVICE

Order No. 6093123 PDX

EXHIBIT __A__
PAGE __1__ OF __1__

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Oregon Law Center, Inc.<br>921 SW Washington St Suite 516<br>Portland, OR 97205<br>TELEPHONE NO.: 503 295-2760    FAX NO. (Optional): 503 295-0676<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): JUSTIN JAMES and NICOLE JAMES | FOR COURT USE ONLY |
|---|---|
| UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA<br>STREET ADDRESS: 312 N SPRING ST<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: LOS ANGELES 90012<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: JUSTIN JAMES and NICOLE JAMES | CASE NUMBER:<br>08-CV-00397-BR |
| DEFENDANT/RESPONDENT: FREMONT REORGANIZING CORP., et al. | |
| **DECLARATION OF NON SERVICE** | Ref. No. or File No.:<br>James v. Fremont Reorganizing |

I declare that I am and was on the dates herein mentioned, a citizen of the United States, over the age of 18 years, not a party to nor interested in the above entitled action, and competent to be a witness therein.

I received the following documents for service:

**Subpoena and Check for $63.70**

I attempted to serve    AL PEREIDA
at the address of    231 LONETREE , IRVINE, Orange County, CA 92603

and was unable to effect service for the following reasons:

**12/28/2009 6:51:00 PM: Per resident, Charles "Doe", (h m 35-40) said that he rents this condo. and has no idea who owns it. He has seen mail once and a while for subject. Subject does not currently live here.**

Fee for service: $ 225.00

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 2/1/2010

| Mark Osuna | |
|---|---|
| (PRINTED NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |

Page 1 of 1        DECLARATION OF NON SERVICE    Order No. 6093123 PDX

EXHIBIT  B
PAGE  1  OF  1

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| JUSTIN JAMES AND NICOLE JAMES | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 08-CV-00397-BR |
| FREMONT REORGANIZING CORP., et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) District of Oregon ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: CHARLES ALBERT PEREIDA

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Buchalter Nemer, 1000 Wilshire Boulevard Suite 1500, Los Angeles, CA 90017 | Date and Time: 02/08/2010 9:30 am |
|---|---|

The deposition will be recorded by this method: __Video and stenographic recording.__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

All records in your possession that relate to loan transactions you helped arrange for the plaintiffs, Justin and Nicole James, including but not limited to file copies of loan documents, communications, notes, calendar records, and records of commissions paid to you. All records in your possession that relate to your relationships with Fremont Investment and Loan and Bridge Capital Corporation.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 01/25/2010

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*       *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* plaintiffs Justin James and Nicole James, who issues or requests this subpoena, are:

Hope A. Del Carlo, Staff Attorney, Oregon Law Center, 921 SW Washington St., Suite 516, Portland, OR 97205
Email: hdelcarlo@oregonlawcenter.org  Telephone: 503/473-8319

EXHIBIT __C__
PAGE __1__ OF __3__

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 08-CV-00397-BR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

EXHIBIT  C
PAGE  2  OF  3

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

   (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

      (i) fails to allow a reasonable time to comply;

      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      (iv) subjects a person to undue burden.

   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

      (i) disclosing a trade secret or other confidential research, development, or commercial information;

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

      (i) expressly make the claim; and

      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT C

PAGE 3 OF 3